IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| Darcy Vondergathen and Andre Grover, and all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>FM Janitorial Services, Inc. #2, )<br>José Rodriguez and María Joya, )<br>)<br>Defendants. )<br>_____) | COMPLAINT |

## PRELIMINARY STATEMENT

1. This is an action brought by Darcy Vondergathen and Andre Grover (collectively the "named Plaintiffs") on behalf of themselves and all other similarly situated employees against their former employers. The named Plaintiffs and their coworkers worked for a restaurant staffing company, FM Janitorial Services, Inc. #2 ("FM Janitorial").

2. Defendants are the staffing company and the two individuals who owned and operated the staffing company.

3. The U.S. Department of Labor ("USDOL") Wage and Hour Division investigated FM Janitorial and concluded that they had violated the Fair Labor Standards Act by failing to pay its employees overtime for hours worked over 40 in a workweek, but when FM Janitorial did not agree to voluntarily pay back wages, USDOL decided not to pursue collecting the wages through filing a lawsuit.

4. Based on the named Plaintiffs' claims under 29 U.S.C. § 207 of the Fair Labor Standards Act ("FLSA") on behalf of themselves and their similarly situated co-workers, they seek payment

1

of back wages and an equal amount of liquidated damages, attorneys' fees and costs under 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337 (interstate commerce), 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S. C. § 216(b) (FLSA).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S. C. §§ 2201 and 2202.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff Darcy Vondergathen (hereinafter "Vondergathen") is a natural person who was employed by Defendants from 2016 through 2019.

9. Plaintiff Andre Grover (hereinafter "Grover") is a natural person who was employed by Defendants in 2018 and 2019.

10. The named Plaintiffs and their coworkers were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e), during each workweek in which they performed work for Defendants.

11. The Plaintiffs were engaged in commerce and/or were employed by Defendants as part of an enterprise of Defendants that was engaged in interstate commerce.

12. Defendant FM Janitorial is a corporation organized under the laws of the state of North Carolina with its principal place of business at 804 Sheridan Court, Fuquay-Varina, NC 27526-1659. According to publicly available documents, Defendant FM Janitorial was dissolved as of November 19, 2019. Prior to dissolution, its registered agent was José Rodriguez.

13. Defendant FM Janitorial is or was a staffing agency that contracted with restaurants throughout Wake County, North Carolina to supply the restaurants with individuals to work as dishwashers and other positions at the restaurants.

14. Defendant José Rodriguez is a natural person who resides in Fuquay-Varina, Wake County, North Carolina.

15. Defendant Rodriguez operated FM Janitorial on a day to day basis, including scheduling employees, overseeing the work of employees at their worksites, recruiting and hiring employees, setting the hourly pay rate for employees, disciplining and firing employees, and communicating with the worksites in general about their staffing needs and any issues with the FM Janitorial employees placed at each worksite.

16. At all times relevant to this action, Defendant Rodriguez exercised the authority to direct, control, and/or supervise the work of Plaintiffs and was an employer of Plaintiffs within the meaning of 29 U.S.C. §§ 203(d) and (g).

17. Defendant María Joya was the President and owner of FM Janitorial.

18. Defendant Joya signed the paychecks give to FM Janitorial employees.

19. At all times relevant to this action, Defendant Joya had the authority and/or exercised the authority to direct, control, and/or supervise the work of Plaintiffs and was an employer of Plaintiffs within the meaning of 29 U.S.C. §§ 203(d) and (g).

20. Upon information and belief, Defendants Joya and Rodriguez are a married couple. Upon information and belief, Defendant Joya and her previous husband started the business of staffing restaurants with employees to clean dishes and perform other janitorial services.

21. At all times relevant to this action, Defendant FM Janitorial had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling or

otherwise working on goods or materials that have been moved in or produced for commerce.

22. Upon information and belief, at all times relevant to this action, Defendant FM Janitorial had an annual gross volume of sales made or business done of more than five hundred thousand dollars ($500,000).

23. Each Defendant was an employer and/or joint employer of the named Plaintiffs and their similarly situated coworkers when the named Plaintiffs and their similarly situated coworkers performed work for the Defendants at their contract restaurant sites.

## FACTUAL ALLEGATIONS

24. During the time period relevant to this lawsuit, Defendant FM Janitorial supplied workers to several restaurants in and around Wake County, North Carolina, including Ruckus Pizza, Pasta and Spirits ("Ruckus"), The Mason Jar Tavern ("Mason Jar"), Georgina's Pizzeria and Italian Restaurant ("Georgina's"), Scratch Kitchen and Taproom, and Stick Boy Bread Company

25. There was significant turnover among Defendants' employees, but at any given time they employed around 36 people.

26. Plaintiff Vondergathen was hired by Defendant FM Janitorial in December 2016 and assigned to work as a dishwasher at Mason Jar Restaurant in Fuquay-Varina, NC.

27. Plaintiff Vondergathen's starting hourly wage was $8.50, but it was increased several times to $9 and then $10 per hour.

28. Plaintiff Vondergathen also filled in as a dishwasher at other restaurants that Defendant FM Janitorial had contracts with, most frequently at Ruckus.

4

29. There were many workweeks that Plaintiff Vondergathen worked at both Mason Jar and Ruckus or another FM Janitorial contract site during the same workweek.

30. As a dishwasher, Plaintiff Vondergathen regularly worked more than forty hours per week at Defendant FM Janitorial contract sites, often working in excess of sixty hours per week.

31. In the summer of 2017, in addition to continuing to work shifts as a dishwasher at Mason Jar, Plaintiff Vondergathen took on administrative work on behalf of Defendant FM Janitorial because Defendant Rodriguez was sick and unable to do those tasks.

32. Plaintiff Vondergathen was paid a weekly salary to do the additional work of approximately $250. She received separate checks from Defendants for the dishwashing and administrative work.

33. Plaintiff Grover was hired by Defendant FM Janitorial in early 2018 and assigned to work as a dishwasher at Ruckus in Cary, NC. Later, Plaintiff Grover was moved to a line cook position at Ruckus.

34. Plaintiff Grover was interviewed by Defendant Rodriguez and offered the job at FM Janitorial by Defendant Rodriguez.

35. Plaintiff Grover was paid $9 per hour while he worked at Ruckus.

36. After about five months, Plaintiff Grover left his job with Defendant FM Janitorial.

37. About 4 or 5 months later, Plaintiff Grover was again hired by Defendant FM Janitorial.

38. During his second stint working for Defendant FM Janitorial, Defendant Rodriguez assigned Plaintiff Grover to work as a dishwasher and janitor at Georgina's.

39. Plaintiff Grover was paid $8.50 per hour by Defendant FM Janitorial while he worked at Georgina's.

40. Plaintiff Grover stopped working at Defendant FM Janitorial after about six months of working at Georgina's.

41. At both Ruckus and Georgina's, Plaintiff Grover regularly worked more than forty hours per week, often working in excess of sixty hours per week.

42. Defendant FM Janitorial provided a job description with a list of tasks to each of their employees that they were supposed to complete while working for Defendant.

43. The restaurants where Defendant FM Janitorial supplied workers tracked the hours that FM Janitorial employees worked and sent that information to Defendant Rodriguez.

44. The restaurants paid Defendant FM Janitorial for the hours worked by Defendant FM Janitorial employees and Defendants then paid their employees.

45. Upon information and belief, Defendants paid $2 per hour more by the restaurants than what they paid their employees. For example, Mason Jar paid Defendant FM Janitorial $11 for each hour of Plaintiff Vondergathen's work and in turn Defendants paid Plaintiff Vondergathen $9 per hour.

46. Upon information and belief, the restaurants paid Defendant FM Janitorial a higher rate for hours worked by FM Janitorial employees at their worksites in excess of forty in a workweek, but FM Janitorial did not pay that higher overtime rate to Plaintiffs or their coworkers.

47. The Plaintiffs and their coworkers were paid on personal checks signed by Defendant Joya.

48. The Plaintiffs and their coworkers were not provided with any sort of pay statement that said what the pay period was, the number of hours worked during that pay period, or their hourly rate.

6

Case 5:20-cv-00160-FL   Document 1   Filed 04/16/20   Page 6 of 10

49. Defendants did not make any withholdings from the Plaintiffs' pay or the pay of their coworkers.

50. Plaintiffs and their coworkers were issued 1099s by Defendant FM Janitorial.

51. Defendants paid Plaintiffs and their coworkers a flat hourly rate regardless of how many hours they worked. Defendants had a policy of not paying the Plaintiffs or their coworkers one and a half times their regular rate of pay for hours worked over forty in a workweek.

52. In April of 2019, Plaintiff Vondergathen contacted the USDOL Wage and Hour Division (WHD) to complain that she and her coworkers were not being paid proper overtime and to ask for their assistance in helping them receive their back wages owed.

53. In response, the USDOL WHD performed a compliance investigation of Defendant FM Janitorial for the time period September 23, 2017 to September 21, 2019.

54. Plaintiff Vondergathen and several of her coworkers spoke to WHD investigators during that investigation and were told that the USDOL WHD had determined that Defendant FM Janitorial owed them money.

55. At the conclusion of that investigation, the USDOL WHD found that Defendant FM Janitorial had violated the FLSA by failing to pay overtime to its employees.

56. In November of 2019, the USDOL WHD notified Plaintiff Vondergathen that Defendant FM Janitorial had refused to voluntarily pay the back wages the WHD had determined were owed and that USDOL did not plan to pursue collecting the wages through litigation.

## FIRST CLAIM FOR RELIEF: FLSA OVERTIME

57. Paragraphs 1 through 56 are realleged and incorporated by reference by the Plaintiffs.

58. Defendants willfully failed to pay Plaintiffs Vondergathen and Grover one and one-half times their regular rate of pay for all hours worked over forty in a workweek, in violation of 29 U.S.C. § 207.

59. Defendants willfully failed to pay the Plaintiffs' coworkers one and one-half times their regular rate of pay for all hours worked over forty in a workweek, in violation of 29 U.S.C. § 207.

60. The overtime violations described in ¶ 58 and ¶ 59 occurred because Defendants paid Plaintiffs and their other employees each a flat hourly rate that was the same for overtime and non-overtime hours.

61. The overtime violations described in ¶ 58 and ¶ 59 also occurred because the Defendants did not treat hours worked at different contract restaurant sites during the same workweek as being worked for one employer for the purpose of calculating overtime for that workweek.

62. Upon information and belief, Defendants knew or showed reckless disregard as to whether their conduct was prohibited by the FLSA and its accompanying regulations.

63. As a result of Defendants' actions, Plaintiffs suffered damages in the form of unpaid overtime damages and liquidated damages that may be recovered from Defendants, jointly and severally, under 29 U.S.C. § 216(b).

64. Plaintiffs seek to bring their claims under the Fair Labor Standards Act on behalf of themselves individually, and all others similarly situated employees of Defendants who worked in excess of forty hours for Defendants in any workweek within the three years immediately preceding the filing of this Complaint who timely file (or have already filed) a written consent to be a party pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays that this Court:

1. Enter an order finding that this Court has jurisdiction over Plaintiffs' claims;

2. Certify this action as a collective action under 29 U.S.C. § 216(b) with respect to the FLSA class defined in ¶ 64 of this Complaint;

3. Equitably toll the statute of limitations from May 1, 2019, based on Plaintiff Vondergathen's diligent efforts to enforce her rights and those of her coworkers by contacting USDOL;

4. Enter a judgment against Defendants FM Janitorial Services, Inc. #2, José Rodriguez and María Joya, jointly and severally, and in favor of the Plaintiffs and their similarly situated co-workers for compensatory damages under the First Claim for Relief in an amount equal to the total of the unpaid overtime wages due to the Plaintiffs under 29 U.S.C. §207, plus an equal amount as liquidated damages under 29 U.S.C. § 216(b);

5. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that Defendants violated the Plaintiffs' rights under the FLSA;

6. Award Plaintiffs the costs of this action against Defendants FM Janitorial Services, Inc. #2, José Rodriguez and María Joya, jointly and severally;

7. Award Plaintiffs reasonable attorneys' fees under 29 U.S.C. § 216(b), against Defendants FM Janitorial Services, Inc. #2, José Rodriguez and María Joya. jointly and severally;

8. Award Plaintiffs pre-judgment and post-judgment interest as allowed by law; and

9. Grant such other relief as the Court may deem just and proper.

This the 15th day of April, 2020.

          Respectfully submitted,

          NORTH CAROLINA JUSTICE CENTER
          P.O. Box 28068
          Raleigh, NC  27611
          919-856-2154

919-856-2175 (fax)

BY: /s/ Clermont F. Ripley
Clermont F. Ripley
clermont@ncjustice.org.
Attorney at Law
NC Bar # 36761

/s/ Carol L. Brooke
Carol L. Brooke
carol@ncjustice.org
Attorney at Law
NC Bar # 29126

10

Case 5:20-cv-00160-FL    Document 1    Filed 04/16/20    Page 10 of 10

919-856-2175 (fax)

BY: /s/ Clermont F. Ripley
Clermont F. Ripley
clermont@ncjustice.org.
Attorney at Law
NC Bar # 36761

/s/ Carol L. Brooke
Carol L. Brooke
carol@ncjustice.org
Attorney at Law
NC Bar # 29126